UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

PHILIP GORDON,

    Plaintiff,

v.

JOHN HANCOCK MUTUAL
LIFE INSURANCE COMPANY,

    Defendant.
_____/

CASE NO. 97-6602-CIV-ZLOCH

Magistrate Judge Seltzer

**DEFENDANT
JOHN HANCOCK'S ANSWER
AND AFFIRMATIVE DEFENSES**

    Defendant, JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY ("John Hancock"), by and through its undersigned counsel, hereby answers the Complaint of plaintiff Philip Gordon ("Gordon") in numbered paragraphs corresponding to those in the Complaint, as follows:

    1.    John Hancock admits that this purports to be an action for damages in excess of $15,000.00, but denies that John Hancock has any liability to Gordon and therefore that such a cause of action exists.

    2.    John Hancock admits the allegations of paragraph 2 of the Complaint.

    3.    John Hancock admits the allegations of paragraph 3 of the Complaint.

    4.    John Hancock admits that a policy of insurance was issued to Gordon. The terms of that policy, which was not attached to the Complaint, speak for themselves.

    5.    John Hancock denies the allegations of paragraph 5 of the Complaint and demands strict proof thereof.

    6.    John Hancock admits only that plaintiff supplied John Hancock with an initial statement of claim and attending physician's statement on or about July, 1995, and denies all

remaining allegations of paragraph 6 of the Complaint and demands strict proof thereof.

7. John Hancock denies the allegations of paragraph 7 of the Complaint, including, but not limited to plaintiff's obligation to provide proof of loss.

8. John Hancock denies the allegations of paragraph 8 of the Complaint and demands strict proof thereof.

9. John Hancock denies the allegations of paragraph 9 of the Complaint and demands strict proof thereof.

10. John Hancock denies the allegations of paragraph 10 of the Complaint and demands strict proof thereof.

11. John Hancock denies that it has failed to pay any benefits due and owing to plaintiff, and is without knowledge of the remaining allegations of paragraph 11 of the Complaint and demands strict proof thereof.

12. John Hancock denies the allegations of paragraph 12 of the Complaint and demands strict proof thereof.

13. John Hancock denies each and every allegation of the Complaint not specifically admitted herein, including plaintiff's assertion of an entitlement to attorneys's fees pursuant to § 627.428, Florida Statutes.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a cause of action against John Hancock for which relief may be granted.

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

## SECOND DEFENSE

Plaintiff has failed to comply with all conditions precedent, including the provision of adequate proof of loss for claims made on the policy.

## THIRD DEFENSE

John Hancock is entitled to setoff for all benefits previously paid to plaintiff.

## FOURTH DEFENSE

Plaintiff is estopped from making any claims against John Hancock by virtue of his unclean hands, including but not limited to fraudulent misstatements made to John Hancock.

Respectfully submitted,

**SHUTTS & BOWEN LLP**
Attorneys for John Hancock
201 South Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131
(305) 358-6300
Telecopier: (305) 381-9982

By: _____
John E. Meagher
Florida Bar No. 511099
Jeffrey M. Landau
Florida Bar No. 863777

-3-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 22ⁿᵈ _ day of May, 1997 to Carl S. Karmin, Karmin & Adler, 750 Southeast Third Avenue, Suite 200, Fort Lauderdale, Florida 33316.

_____
Of Counsel

MIA95 142675.2 - JML

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300