UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 97-6602-CIV-ZLOCH

PHILIP GORDON,

    Plaintiff,

vs.

**FINAL ORDER OF REMAND**

JOHN HANCOCK MUTUAL
LIFE INSURANCE COMPANY,

    Defendant.
_____/

FILED by _____ D.C.

JUN 23 1997

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

    THIS MATTER is before the Court, sua sponte, and upon the Notice Of Removal (DE 1), filed herein by the Defendant, John Hancock Mutual Life Insurance Company, for removal of the above-styled cause to the United States District Court, Southern District of Florida, and the Court having carefully reviewed the allegations of the Complaint, having carefully reviewed the court file and being otherwise fully advised in the premises, it is

    **ORDERED AND ADJUDGED** that the Notice of Removal (DE 1) filed herein by the Defendant, John Hancock Mutual Life Insurance Company, be and the same is hereby **DENIED**.

    The Notice Of Removal (DE 1) appears to be premised upon this Court's diversity jurisdiction pursuant to Title 28 U.S.C. sections 1332, 1441 and 1446. Whether an action filed in state court may properly be removed to Federal Court is to be determined from the record at the time the Notice Of Removal is filed. Pullman Company v. Jenkins, 305 U.S. 534 (1939). Because removal is only permissible when plaintiff's claim could have been filed in federal court originally, we must look to plaintiff's claim to determine



whether removal was appropriate. <u>Burns v. Windsor Insurance Co.</u>, 31 F.3d 1092, 1095 (11th Cir. 1994). When diversity of citizenship is the basis of Federal jurisdiction, it must be found to exist at the time the Complaint was filed. <u>OJB, Inc.v. Dowell; A Division of Dow Chemical Co.</u>, 650 F. Supp. 42 (N.D. Tex. 1986); <u>Portis v. Sears, Roebuck & Co.</u>, 621 F. Supp. 682 (E.D. Mo. 1985); <u>See generally</u>, 14A C. Wright, A. Miller & E. Cooper, <u>Federal Practice and Procedure</u>, Section 3723 (1985). It is clear from the record that at the time the Complaint was filed the allegations of the Complaint were insufficient to satisfy diversity jurisdiction.

A review of the Complaint reveals that the requisite diversity of citizenship as to Plaintiff and Defendant is not apparent on the face of the Complaint. The Complaint alleges only that:

> 2. At all times material hereto and at the times of the incidents complained of, the Plaintiff was a resident of Broward County, Florida.

An allegation of residence is not sufficient to establish citizenship. <u>Nadler v. American Motors Sales Corp.</u>, 764 F.2d 409 (5th Cir. 1985); <u>Congress of Racial Equality v. Clemmons</u>, 323 F.2d 54 (5th Cir. 1962), <u>cert</u>. <u>denied</u>, 375 U.S. 992 (1964); <u>Baker v. Data Dynamics, Inc.</u>, 561 F. Supp. 1161 (W.D.N.C. 1983). In the Complaint, there are no allegations of citizenship, only allegations of residence. Therefore, the diversity of citizenship requirements of 28 U.S.C. § 1332 have not been satisfied.

In addition, Paragraph 1 of Plaintiffs' Complaint states:

> This is an action for damages which exceed Fifteen Thousand Dollars ($15,000.00), exclusive of interest

2

and costs.

28 U.S.C. § 1332(a) sets forth the requisite amount in controversy for diversity jurisdiction to exceed the sum or value of $75,000.00, exclusive of interest and costs. Obviously, a demonstration of this threshold was not met.

The Court notes that pursuant to 28 U.S.C. § 1447(c), this Court may, sua sponte, review this matter, and "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

It should be kept in mind that the statutes conferring both diversity and removal jurisdiction are to be strictly construed. District Courts are to strictly construe the complex removal procedures as removal is in derogation of state court jurisdiction. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365 (1978). Further, Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing . . . where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand. Burns v. Windsor Insurance Co., 31 F.3d at 1095; see also Boyer v. Snap-on Tools Corp., 913 F.2d 108 (3rd Cir. 1990); Coker v. Amoco Oil Co., 709 F.2d 1433 (11th Cir. 1983). Moreover, it is well settled that the removal statute is to be strictly construed against removal and in favor of remand. Libhart v. Santa Monica Dairy Co., 592 F.2d 1062 (9th Cir. 1979).

The Court notes that the Federal Courts are Courts of limited jurisdiction. The presumption, in fact, is that a Federal Court lacks jurisdiction in a particular case until it has been

3

demonstrated that jurisdiction over the subject matter exists. <u>Fitzgerald v. Seaboard System Railroad, Inc.</u>, 760 F.2d 1249 (11th Cir. 1985). Therefore, the facts showing the existence of jurisdiction must be affirmatively alleged in the Complaint. <u>Kirkland Masonry, Inc. v. Commissioner of Internal Revenue</u>, 614 F.2d 532 (5th Cir. 1980); <u>see</u> <u>also</u> 13 Wright, Miller & Cooper, <u>Federal Practice and Procedure</u>, Section 3522 (1984).

Accordingly, the above-styled cause is **REMANDED** to the state forum for further proceedings in that this Court lacks subject matter jurisdiction.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Clerk of the United States District Court, Southern District of Florida, be and the same is hereby directed to forward a certified copy of this Order to the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, Case No. 97-005752 14.

To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 23rd day of June, 1997.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

John F. Meagher, Esq.
Carl S. Karmin, Esq.

Clerk, Circuit Court
Broward County, Florida
(Certified copy)